UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EDWARD F. CHILMONIK, II,

Plaintiff,

v.

CAROLYN W. COLVIN[1], Acting Commissioner of Social Security Administration,

Defendant.

No. CV-11-0049-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are cross-Motions for Summary Judgment, ECF Nos. 13, 15. Jeffrey Schwab represents Plaintiff Edward Chilmonik, II. Special Assistant United States Attorney, Gerald J. Hill, represents the Defendant Commissioner of Social Security. Plaintiff brings this action seeking judicial review of the final decision of the Secretary denying his application for Disability Insurance Benefits under Sections 216(i) and 223(d) of the Social Security Act. After reviewing the administrative record and briefs filed by the parties, the Court is fully informed. For the reasons set forth below, the Court **denies** Plaintiff's Motion for Summary Judgment, and directs entry of judgment in favor of Defendant.

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 1**

q:\rhw\acivil\2011\chilmonick\order sj.docx

## I. Jurisdiction

Plaintiff's claim is properly before this Court pursuant to 42 U.S.C. § 405(g). On January 17, 2006, Plaintiff filed an application for disability insurance benefits, alleging an onset date of September 15, 2003, through the date of last insured, determined to be March 31, 2008. Tr. 13, 25. After benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Tr. 30. Plaintiff appeared with counsel and testified at a hearing held September 30, 2008, in Wenatchee, Washington. Tr. 13. ALJ R.S. Chester presided over the hearing, and Vocational Expert ("VE") Dan McKinney was present and testified. Tr. 439. The ALJ denied benefits on November 19, 2008, Tr. 13-25, and the Appeals Council denied review on December 13, 2010. Tr. 4-7.

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and

requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th

Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Plaintiff was 57 years old when he filed for

Social Security benefits on January 17, 2006. Tr. 67-69. At the time of the hearing, he lived with his wife and sixteen-year-old daughter. Tr. 445-46. Plaintiff obtained an Associate of Arts degree in Humanities in 1969. Tr. 446-47. Plaintiff's past relevant work included carpenter, drywall applicator, janitor, and furnace cleaner. Tr. 25. Plaintiff attempted work as a self-employed contractor cleaning ductwork in 2005, after the alleged onset date, but was unable to sustain such employment. Tr. 17, 449-50. Plaintiff testified that he is unable to work because of his depression and inability "to talk to customers, set up deals . . . and then go deal with people . . . on a regular basis." Tr. 450.

Plaintiff was hospitalized for major depression in 1998 and 1999. Tr. 15. On January 13, 2006, Plaintiff's treating family physician since 1978, Walter Henze, M.D., opined that Plaintiff had chronic depression and was "disabled because of his illness." Tr. 152. In April 2006, Catherine MacLennan, Ph.D., examined Plaintiff and diagnosed bipolar type I disorder, currently depressed, and a global assessment of functioning[2] ("GAF") score of 63, indicative of mild to moderate symptoms. Tr. 194. On September 12, 2007, Plaintiff was seen by Vicki Bringman, LMHC, and diagnosed with major depressive disorder, recurrent, and a GAF score of 40 (severe symptoms). Tr. 388-89. Ms. Bringman treated Plaintiff through February of 2008. Tr. 388-96. Plaintiff was also treated by Michael Haley, ARNP, on July 23, 2008. Tr. 397-400. In this report it was noted that Plaintiff began drinking for the first time in 18 years and had recently been arrested for DUI. Tr. 397. Nurse Haley diagnosed Plaintiff with bipolar II disorder and major depressive disorder. Tr. 400. He assessed Plaintiff a GAF score of 55-60, again indicating moderate symptoms. *Id.*

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 5**

q:\rhw\acivil\2011\chilmonick\order sj.docx

On October 20, 2008, treating psychiatrist David Kinzie, M.D., completed a psychiatric review based on a five year assessment of Plaintiff. Tr. 345. Dr. Kinzie diagnosed Plaintiff as disabled under Listing 12.04B and 12.04C. Tr. 345-359.

## V. The ALJ's Findings

The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from the alleged onset date of September 15, 2003 through the date of last insured on March 31, 2008. Tr. 13.

At **step one**, the ALJ found that although Plaintiff had worked after the alleged onset date, this work did not equate to substantial gainful activity through the date of last insured. Tr. 15.

At **step two**, the ALJ found that Plaintiff's affective disorder was a severe impairment. *Id.* (citing 20 C.F.R. § 404.1521). However, the ALJ found that Plaintiff's mild chronic obstructive pulmonary disease, left knee fracture, and reports of right ear deafness were not severe impairments, as they imposed no more than a minimal or *de minimis* limitation upon his ability to do work-related activities. Tr. 21.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). Tr. 21. The ALJ recognized that treating psychiatrist Dr. Kinzie opined that Plaintiff's chronic mental illness met listing 12.04B and C. *Id.* However, the ALJ found that Plaintiff's mental impairment did not meet either listing 12.04B or 12.04C. Tr. 22.

At **step four**, relying on the VE's testimony, the ALJ found that Plaintiff was able to perform a full range of work at all exertional levels, but that Plaintiff should avoid concentrated exposure to fumes and dust. *Id.* The ALJ also found that Plaintiff was capable of superficial contact with others, but Plaintiff lacked concentration, and would be off task 10% of the time. *Id.* The ALJ considered

Plaintiff's past work experience and residual functional capacity. Tr. 25. The ALJ found that Plaintiff would be able to perform all of his past relevant work as carpenter, drywall applicator, janitor, and furnace cleaner. *Id.*

Because the ALJ found Plaintiff capable of performing past work, he was not disabled and there was no need to continue to step five. Accordingly, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act under §§ 216(i) and 223(d).

## VI. Issues for Review

The issues before the Court are whether the final decision of the Commissioner was supported by substantial evidence, and whether the correct legal standard was applied in reaching the decision. Plaintiff alleges the ALJ erred by failing to properly evaluate his mental health impairments. Specifically, Plaintiff argues that: 1) the opinion of the non-examining State Agency consultant, Rita Flanagan, Ph.D., is unreliable because she fails to properly identify and explain putative inconsistencies in Dr. MacLennan's report, 2) the ALJ erred when he rejected the opinion of Plaintiff's treating psychiatrist, Dr. Kinzie, and 3) the ALJ hypotheticals to the Vocational Expert were flawed because they failed to incorporate the limitations sufficient to reflect the combined opinions Plaintiff's treating and examining providers.

## VII. Discussion

### A. The ALJ properly considered the opinions of Plaintiff's treating and examining physicians

Plaintiff argues the ALJ erred by rejecting the opinion of Dr. Kinzie and relying on the opinion of Dr. Flanagan, in lieu of Dr. MacLennan. ECF No. 14 at 4-12. Defendant contends the ALJ's evaluations of the opinions of Drs. Kinzie and Flanagan were reasonable. ECF No. 16 at 5-14.

///

**1. Applicable Law**

The opinions of treating physicians are generally given greater weight than those of other physicians because of the treating physicians' intimate knowledge of the claimant's condition. *Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001). Nevertheless, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *Flaten v. Sec'y of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995). An ALJ does not need to accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F. 3d 1211, 1216 (9th Cir. 2005).

Substantial evidence may be based *in part* on the testimony of a non-treating, non-examining medical advisor. *Morgan v. Comm'r of Soc. Sec'y Admin.*, 169 F.3d 595, 602–3 (9th Cir. 1999). However, substantial evidence may not be based on a reviewing physician's opinion alone, or on the reviewing physician's opinion and the ALJ's personal observations. *Id.* Rather, substantial evidence requires additional evidence, such as inconsistencies between the treating physicians' reports and the testimony of the claimant. *Id.* Additionally, an ALJ may properly discount a treating physician's opinion where the treating physician relies heavily on the subjective complaints of the claimant. *See id.*

**2. Dr. Kinzie**

Dr. Kinzie, Plaintiff's treating psychiatrist, opined on October 8, 2008, that Plaintiff's affective disorder met the criteria of a *per se* disabling impairment under Listing 12.04B and C. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04 B and C.


In support of his opinion, Dr. Kinzie submitted a check-box Psychiatric Review Technique and Mental Residual Functional Capacity Assessment. Tr. 344-359. In regard to the four subcategories of 12.04B known as "Paragraph B" criteria, Dr. Kinzie found that Plaintiff met the Listing because he had marked limitations in maintaining concentration, persistence or pace, and had suffered three repeated episodes of decompensation of extended duration. Tr. 355. Dr. Kinzie rated Plaintiff as mildly limited in the area of restriction of activities of daily living and moderately limited in the area of social functioning. *Id.*

As to "Paragraph C," Dr. Kinzie concluded that Plaintiff met the Listing because his affective disorder, of at least 2 years duration, had caused more than a minimal limitation of ability to do any basic work and that Plaintiff experienced repeated episodes of decompensation, each of extended duration. Tr. 356. Dr. Kinzie did not attach a supporting narrative or any further documentation to support his conclusion. He did remark "[m]ood is so low and persistently so that he has not been able to work for 3 years alone or 2 years previously with others." Tr. 359.

From the outset, the Court notes that the opinions of Dr. Kinzie are contradicted by the opinion of Dr. Flanagan, a non-examining psychiatrist, who found that Plaintiff had no more than a moderate degree of limitation in any mental functional ability and experienced no episodes of decompensation. Tr. 173-90. Thus, specific and legitimate reasons that are supported by substantial evidence must support the ALJ's rejection of Dr. Kinzie's opinions. *See Flaten,* 44 F.3d at 1463. For the reasons set forth below, the Court finds the ALJ did not err in rejecting Dr. Kinzie's opinions and finding that Plaintiff's impairments did not satisfy Section 12.04 and that Plaintiff was not disabled.

First, although Dr. Kinzie was Plaintiff's treating psychiatrist for a number of years, the record reveals a lack of medical evidence supporting his conclusion

that Plaintiff met Listing 12.04B or C. Specifically, there is no medical evidence to support Dr. Kinzie's finding that Plaintiff experienced repeated episodes of decompensation, each of extended duration, as required to satisfy the severity requirements of Listing 12.04B or C. *See* Social Security Ruling ("SSR") 96-5p, 1996 WL 374183 at *3 (stating that whether the findings of an individual's impairment meet the Listings is primarily a question of medical fact than of medical opinion). Here, Plaintiff points to no specific periods of decompensation as required by the regulations, to support Dr. Kinzie's opinion; and the Court can discern no such episodes supported by medical documentation in the record.

In fact, the only treatment notes of Dr. Kinzie found anywhere in the record are three pages in length and dated June of 2005. Tr. 197-99. In those notes, Dr. Kinzie stated that Plaintiff's mood had improved and his family life was better, although Plaintiff maintained he was unable to work because of his life-long depression. Tr. 24, 197. Dr. Kinzie's ensuing two-page evaluation, completed around the same time period, is inadequate to support his conclusion that Plaintiff met Listing 12.04B or C. The record contains no diagnostic testing or objective medical facts to support the conclusion that Plaintiff's cognitive limitations prevented him from working.

Further, the Ninth Circuit has held that the ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *see also Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to opinions that are explained than to those that are not."). The Court finds no error in the rejection of a physician's opinion that is conclusory, or inadequately supported by clinical findings. *Bayliss*, 427 F.3d at 1216.

Second, the opinion of Dr. Kinzie was based primarily on Plaintiff's self-reports. An ALJ may properly discount a physician's opinion premised on the

subjective reports of a claimant that the ALJ has found not entirely credible.[3] *Morgan*, 169 F.3d at 602-03. Here, the ALJ found the Plaintiff's subjective complaints regarding the extent of his functional limitations were not fully credible, in part, because they were not supported by treatment records. Tr. 23.

Plaintiff testified that he consulted with Dr. Kinzie by telephone approximately every six months in regard to his medication. Tr. 457. The ALJ properly noted that the "claimant testified to phone consultations over the years due to the distance" as Dr. Kinzie was located in Oregon and Plaintiff resided in Washington. Tr. 24. The ALJ noted a lack of mental health treatment records after 1999, finding none until 2007. Tr. 23. Plaintiff also testified he was treated by a local psychologist "as needed." Tr. 457. Based on the lack of supporting medical documentation and treatment notes from the onset date of September 2003, through the date of last insured in March 2008, the ALJ did not err in rejecting Dr. Kinzie's opinions, as they were based primarily on Plaintiff's self-reports.

**3. Dr. Flanagan**

Plaintiff next argues that the ALJ erred in relying on the opinion of Dr. Flanagan, a non-examining psychologist, because the opinion was unreliable. ECF No. 14 at 4. Defendant responds that the ALJ's evaluation of Dr. Flanagan's opinion was reasonable and supported by the ALJ's ultimate RFC assessment. Also, although not immediately apparent from Plaintiff's briefing, he asserts error and argues that the ALJ's reliance upon Dr. Flanagan, over the opinion of examining psychologist Dr. MacLennan, was error.

The Court can find no basis to support a finding that the opinion of Dr. Flanagan dated April 26, 2006 was unreliable. Tr. 175. On the contrary, Dr. Flanagan's opinion included a Mental Residual Functional Capacity Assessment and a Psychiatric Review Technique Tr. 173-76, 177-90. Dr. Flanagan reviewed

[3] Plaintiff does not challenge the Defendant's credibility finding.

the sparse notes of Dr. Kinzie and the mental health evaluation performed by Dr. MacLennan on April 20, 2006. Dr. Flanagan found Plaintiff did not satisfy the "B" Criteria of the Listings and was only moderately limited in the area of social functioning. Tr. 187. Plaintiff was found to be mildly limited in the areas of daily living and in maintaining concentration, persistence or pace. *Id.* Dr. Flanagan found no episodes of decompensation. *Id.* In addition, she opined that Plaintiff did not meet the Listings under 12.04C. Tr. 188. Moreover, Dr. Flanagan's opinion that Plaintiff could interact appropriately with others, when motivated, but would likely work best with limited interaction with the public and co-workers, was not inconsistent with the ALJ's finding that Plaintiff had the RFC to tolerate superficial interaction with others, but would be off task 10% of the time due to lack of concentration. Tr. 22, 25, 175. In sum, the ALJ's reliance on Dr. Flanagan's report was not error and is supported by substantial evidence in the record.

To the extent that Plaintiff challenges the weight given to Dr. MacLennan's evaluation, the Court finds the ALJ's evaluation of the report to be proper. In addition to relying on Dr. Flanagan's report, the ALJ relied on substantial evidence and highlighted inconsistencies between Dr. McLennan's report and Plaintiff's testimony. *See Magallanes*, 881 F.2d at 751-52. As set out by the ALJ and Dr. Flanagan, Dr. MacLennan noted that Plaintiff was "intelligent with strong cognitive skills," but that "his thinking was disorganized and ineffective." Tr. 194. Dr. MacLennan reported that Plaintiff's adaptive functioning was poor and he could not handle funds. *Id.* These limitations appeared to be based on Plaintiff's subjective reports and not based on limitations supported by the record.

In addition, Plaintiff was described as impulsive and verbally confrontational. *Id.* However, during the exam, Plaintiff was cooperative and there was no evidence of inappropriate behavior. Tr. 192-95. These inconsistencies were noted, despite Claimant's opinion that he could not work because he could not

concentrate, nor could act appropriately socially and in the workplace. Tr. 447-49. Plaintiff was also assessed a GAF score of 63, which indicated only mild symptoms. Tr. 194. Based on the inconsistencies in Dr. MacLennan's report, the ALJ did not err in giving it little weight. Dr. MacLennan's objective findings did not support the self-reported limitations by Plaintiff and were properly rejected.

Thus, the ALJ properly considered the opinions of Drs. Kinzie and Flanagan.

**B. Vocational Expert Hypotheticals**

Plaintiff argues the ALJ hypotheticals to the VE were flawed because they did not reflect the combined opinions of Dr. Kinzie, Dr. Henze, and Dr. MacLennan. ECF No. 14 at 12. He argues that if the limitations included by his counsel had been incorporated into the ALJ's hypotheticals he would have been found disabled. Tr. 465-66. However, the hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. *Bayliss*, 427 F.3d at 1217. Therefore, there was no error and ALJ's reliance on the testimony given by the VE was proper.

## VIII. Conclusion

Having reviewed the record and the ALJ's conclusions, the Court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 13 is **DENIED.**
2. Defendant's Motion for Summary Judgment, ECF No. 15 is **GRANTED.**
3. The decision of the Commissioner in denying Plaintiff benefits is **AFFIRMED**.

///

///

///

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 25th day of February, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 14**

q:\rhw\acivil\2011\chilmonick\order sj.docx